IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUNDAY EGBULONU, | : | No. 4:CV-05-1501 |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Smyser) |
| COUNSEL THOMPSON, et al., | : | |
| Defendants. | : | |

**MEMORANDUM AND ORDER**

**November 21, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The plaintiff, Sunday Egbulonu ("Plaintiff" or "Egbulonu"), a federal prisoner incarcerated at the Federal Correctional Institute, Allenwood, Pennsylvania ("FCI- Allenwood"), proceeding pro se, initiated this Bivens action[1] by filing a complaint in the United States District Court for the Middle District of Pennsylvania on July 28, 2005. (Rec. Doc. 1).

This case was referred to Magistrate Judge J. Andrew Smyser for preliminary review. On October 24, 2005, Magistrate Judge Smyser issued a Report and Recommendation within which he concludes that the complaint should

---

[1] See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and that the case be closed. (Rep. & Rec. at 7).

Objections to the Magistrate's Report were due on November 9, 2005 and to date none have been filed. This matter is now ripe for disposition.

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

**DISCUSSION:**

We initially note that the docket reflects that on October 27, 2005 and on November 3, 2005 the Magistrate Judge's report was returned as undeliverable to Plaintiff. (Rec. Docs. 12-13). Further inspection into the Federal Bureau of Prisons revealed that Plaintiff was released on August 5, 2005. In addition, the Clerks office informed the Court that Clinton County prison records indicate that on August 29, 2005, Plaintiff was released to Homeland Security. Therefore, as of

at least August 29, 2005, Plaintiff's address changed, yet he never advised the Court of his new address.

The Standing Practice Order in pro se cases states, in pertinent part, that:

> A pro se plaintiff has the affirmative obligation to keep the court informed of his or her address.  Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing.  *If the court is unable to communicate with the plaintiff because the plaintiff has failed to notify the court of his or her address*, *the plaintiff will be deemed to have abandoned the lawsuit*.

Rec. Doc. 4 at 3-4 (emphasis added).  In accordance with our Standing Practice Order, as Plaintiff has failed to inform the Court of his updated address, Plaintiff is deemed to have abandoned this lawsuit.

In addition, it is notable that our review of this case confirms Magistrate Judge Smyser's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

We are in agreement with the Magistrate Judge's determination that Plaintiff's complaint fails to state a claim upon which relief can be granted, for the reasons that follow.  As the Magistrate Judge explains, to the extent that Plaintiff's claim is that Defendant Thompson negligently lost or destroyed his box of documents, there has been no deprivation of property under the due process clause.

3

(Rep. & Rec. at 4-6). Moreover, to the extent that Plaintiff's claim is that Defendant Thompson intentionally failed to mail or destroyed his box, the issue becomes whether Plaintiff had an adequate post-deprivation remedy available for the loss of his box. As Plaintiff had adequate post-deprivation remedies available to him, Plaintiff fails to state a due process claim upon which relief can be granted. See 28 C.F.R. §§ 542.10-542.19, 28 C.F.R. §§ 543.30-543.32; Rep. & Rec. at 6. Finally, as the Magistrate Judge notes, any amendment would be futile since any due process claim, whether based upon negligent or intentional conduct, would fail to state a claim upon which relief can be granted because Plaintiff had an adequate post-deprivation remedy.

Our review of this case confirms Magistrate Judge Smyser's determinations and we have not been presented with any reason to revisit them. Because we find no error in Magistrate Judge Smyser's report and recommendation and because no objections have been filed, we will adopt it as our own.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. Magistrate Judge Smyser's Report and Recommendation (doc. 11) is adopted in its entirety.

2. In accordance with our Standing Practice Order, as Plaintiff has failed to inform the Court of his updated address, Plaintiff is deemed to have

abandoned this lawsuit. Moreover, Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3. The Clerk shall close the file on this case.

<u>s/ John E. Jones III</u>
John E. Jones III
United States District Judge